UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUFFETS, INC., a Minnesota corporation,
and HOMETOWN BUFFET, INC.,
a Minnesota corporation

    Plaintiffs,

v.                                                                    Case No.: 8:11-cv-00035- T-30MAP

LVDC II INC., a Florida corporation
d/b/a BRANDON HOMETOWN BUFFET;
BRANDON HOMETOWN BUFFET, LLC,
a Florida limited liability company d/b/a
BRANDON HOMETOWN BUFFET;
BRANDON SEAFOOD & STEAK
BUFFET, INC., a Florida corporation d/b/a
BRANDON HOMETOWN BUFFET;
LVDC III LLC, a Florida limited liability
company d/b/a PLANT CITY HOMETOWN
BUFFET; WANG DAI, INC., a Florida
corporation d/b/a ORLANDO HOMETOWN
BUFFET; TVNP, LLC, a Florida limited liability
company d/b/a ST. PETE HOMETOWN
BUFFET; ST. PETERSBURG SEAFOOD &
STEAK BUFFET, INC., a Florida corporation
d/b/a ST. PETE HOMETOWN BUFFET;
TVNP II LLC, a Florida limited
liability company d/b/a ST. PETE HOMETOWN
BUFFET; KINCHAT PATEL; THANH HAO
VAN VO; DUNG CAO; and OSCAR ASTELLO;

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause came before the Court for a hearing on February 8, 2011 on Plaintiffs' Verified Motion for Preliminary Injunction pursuant to the Court's Order requiring Defendants to show cause why a preliminary injunction should not issue. Upon review of the Verified Complaint, Plaintiffs'

Verified Motion,[1] and Defendants Brandon Seafood & Steak Buffet, Inc., St. Petersburg Seafood & Steak Buffet, Inc., and Oscar Astello's Response to Plaintiff's Motion, and based on the arguments of counsel for Plaintiffs and counsel for Defendants Brandon Seafood & Steak Buffet, Inc., St. Petersburg Seafood & Steak Buffet, Inc., and Oscar Astello, the Court makes the following findings of fact and conclusions of law:

1. Plaintiffs are corporations organized and existing under the laws of the State of Minnesota having their principal places of business at 405 Lancaster Avenue, Greer, South Carolina 29650. Plaintiffs own and operate 137 HomeTown Buffet restaurants in 16 states, including two HomeTown Buffet restaurant locations in the state of Florida. Plaintiffs' restaurants offer buffet-style dining at reasonable prices in a clean and pleasant atmosphere. *See* doc. 2. Plaintiffs have an interest in protecting their rights in their federally registered trademarks, including "HomeTown" and "HomeTown Buffet" for restaurant services ("Buffets' Registered Marks").

2. Plaintiffs have continuously used Buffets' Registered Marks for restaurant services in commerce since at least as early as January 1, 1991. Plaintiffs have obtained four separate federal registrations for these marks: Reg. No. 2,617,451 for the mark HOMETOWN BUFFET, Reg. No. 3,343,752 for the mark HomeTown Buffet and design, Reg. No. 3,311,656 for the mark HomeTown Buffet and design, and Reg. No. 3,339,237 for the mark HomeTown. *See* doc. 1, Ex. A, B, C, D.

---

[1] The tests for a temporary restraining order and for a preliminary injunction are the same. *See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001). Accordingly, given the district judge's order denying Plaintiff's request for a temporary restraining order, the Court will now treat Plaintiff's motion as one for a preliminary injunction. *See United States v. State of Ala.*, 791 F.2d 1450, 1458 (11th Cir. 1986) (finding a district court did not err by converting a temporary restraining order hearing to a preliminary injunction hearing where the opposing party had notice of the application for a temporary restraining order since a temporary restraining order does not differ functionally from a preliminary injunction).

Registration No. 2,617,451 for the mark HOMETOWN BUFFET has been ruled incontestable by the United States Patent and Trademark Office.

3. The names that Defendants are using for their continued advertising and operations of their area restaurant businesses are "Brandon Hometown Buffet," "Plant City Hometown Buffet," "St. Pete Hometown Buffet," and "Orlando Hometown Buffet (the "Infringing Names").

4. <u>Brandon Defendants</u> - Defendant LVDC II Inc. ("Brandon Defendant #1") is a dissolved Florida corporation with its principal place of business listed at 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511. Defendant BRANDON HOMETOWN BUFFET, LLC ("Brandon Defendant #2") is a Florida limited liability company with its principal place of business listed at 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511. Defendant BRANDON SEAFOOD & STEAK BUFFET, INC. ("Brandon Defendant #3") is a Florida corporation with its principal place of business listed at 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511, and Mr. Astello has ceased operating this corporation. Brandon Defendant #3 operated a restaurant business under the name "Brandon Hometown Buffet" at 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511, from November 2010 through January 2011. The location known as the "Brandon Hometown Buffet" was closed at the end of January 2011. Brandon Defendant #1 has registered a fictitious name and possesses a permanent food service license to operate a business under the name "Brandon Hometown Buffet." *See* doc. 1, Ex. E, F, G; doc. 2, Ex. 2, 3. The words Hometown Buffet in the restaurant name used by the Brandon Defendants are confusingly similar to Buffets' Registered Marks.

5. <u>Plant City Defendant</u> - Defendant LVDC III LLC (the "Plant City Defendant") is a Florida limited liability company having its principal place of business at 1914 James Redman

Parkway, Plant City, Hillsborough County, Florida. The Plant City Defendant possesses a permanent food service license to operate a restaurant business under the name "Plant City Hometown Buffet" at that same location. *See* doc. 1, Ex. H; doc. 2, Ex. 4. The words "Hometown Buffet" in the restaurant name used by the Plant City Defendant are confusingly similar to Buffets' Registered Marks.

   6. <u>St. Pete Defendant at Bay Pines</u> - Defendant TVNP, LLC (the "St. Pete-Bay Pines Defendant #1") is a Florida limited liability company with its principal place of business listed at 8305 Bay Pines Boulevard, St. Petersburg, Pinellas County, Florida 33709. Defendant ST. PETERSBURG STEAK AND SEAFOOD BUFFET, INC. (the "St. Pete-Bay Pines Defendant #2") (and together with St. Pete-Bay Pines Defendant #1, referred to herein as the "St. Pete Bay Pines Defendants") is a Florida corporation with its principal place of business listed at 8305 Bay Pines Boulevard, St. Petersburg, Pinellas County, Florida 33709. St. Pete-Bay Pines Defendant #2, operated a restaurant business under the name "St. Pete Hometown Buffet" at 8305 Bay Pines Boulevard, St. Petersburg, Pinellas County, Florida 33709 beginning in November 2010 and until on or about January 25, 2011, at which time the restaurant business's name became St. Petersburg Seafood & Steak Buffet, Inc. and the restaurant began operating as "St. Pete Seafood and Steak Buffet." St. Pete-Bay Pines Defendant #1 has applied for a permanent food service license to operate a restaurant business under the name "St. Pete Hometown Buffet" at that same location. *See* doc. 1, Ex. J, K; doc. 2, Ex. 7. The words "Hometown Buffet" in the restaurant name used by the St. Pete-Bay Pines Defendants were confusingly similar to Buffets' Registered Marks.

   7. <u>St. Pete Defendant at 34th Street</u> - Defendant TVNP II LLC (the "St. Pete-34th Street Defendant") is a Florida limited liability company with its principal place of business at 3800 34th

Street South, St. Petersburg, Pinellas County, Florida 33711.  The St. Pete-34th Street Defendant operates a restaurant business under the name "St. Pete Hometown Buffet" at that same location. The "St. Pete Hometown Buffet," located at the same address as the St. Pete-34th Street Defendant has registered for business tax purposes with the City of St. Petersburg as a new business of as November 2, 2010.  *See* doc. 1, Ex. L; doc. 2, Ex. 8.  The words "Hometown Buffet" in the restaurant name used by the St. Pete-34th Street Defendant are confusingly similar to Buffets' Registered Marks.

      8.  <u>Defendant Patel</u> - Defendant Kinchat Patel ("Defendant Patel"), who is also known as Nick Patel, is a resident of the State of Florida. Defendant Patel holds various offices with the corporate defendants, including Registered Agent for the Plant City Defendant, Registered Agent for the St. Pete-Bay Pines Defendant, Vice President of the St. Pete-34th Street Defendant, and Registered Agent of the St. Pete-34th Street Defendant.  *See* doc. 1, Ex. H, J, L.[2]

      9.  <u>Defendant Vo</u> - Defendant Thanh Hao Van Vo ("Defendant Vo"), who is also known as Howie Vo, is a resident of the State of Florida.  Defendant Vo holds various offices with the corporate defendants, including Registered Agent for Brandon Defendant #2, President of the St. Pete-34th Street Defendant, and Manager and Registered Agent of All American Home Town Buffet, LLC.  *See* doc. 1, Ex. F, L, M.[3]

---

[2]  Defendant Patel did not appear at the February 8, 2011, hearing.

[3]  Defendant Vo did not appear at the February 8, 2011, hearing.

10. <u>Defendant Cao</u> - Defendant Dung Cao ("Defendant Cao"), is a resident of the State of Florida. Defendant Cao holds various offices with the corporate defendants, including President of Brandon Defendant #1, and Manager of the Plant City Defendant. *See* doc. 1, Ex. E, H.[4]

11. <u>Defendant Astello</u> - Defendant Oscar Astello ("Defendant Astello"), is a resident of the State of Florida. Defendant Astello holds various offices with the corporate defendants, including Manager for Brandon Defendant #2, Director of Brandon Defendant #3, Registered Agent of Brandon Defendant #3, Manager of the St. Pete-Bay Pines Defendant #1, Director of the St. Pete-Bay Pines Defendant #2, and Manager of All American Home Town Buffet, LLC. *See* doc. 1, Ex. F, G, J, K, M.

12. Based on information obtained by Plaintiffs, Defendant Patel and Defendant Vo are the owners and operators of the "Brandon Hometown Buffet," "Plant City Hometown Buffet," and the two "St. Pete Hometown Buffet" restaurants. *See* Compl. Ex. N. Upon information and belief, Defendants Patel and Vo own or operate the "Orlando Hometown Buffet" located at 7344 W. Colonial Drive, Orlando, Orange County, Florida. *See* doc. 2, Ex. 9.

13. In addition, Defendant Cao is the operator of the Plant City Hometown Buffet. Defendant Patel and Defendant Vo operate the St. Pete Hometown Buffet located at 3400 34th Street in St. Petersburg.

14. The Defendants are all residents of Florida or legal entities organized under the laws of the state of Florida, and all Defendants conduct business operations in the state of Florida. (*See* doc. 1, Ex. E, F, G, H, I, J, K, L, M; doc. 2, Ex. 2, 3, 4, 5, 6, 7, 8, 9.) Accordingly, this Court has personal jurisdiction over Defendants.

---

[4] Defendant Cao did not appear at the February 8, 2011, hearing.

15. In August 2010, Plaintiffs became aware of the Brandon Defendants when Plaintiffs' customer service department received a complaint concerning the quality of the restaurant operated by the Brandon Defendants. When Plaintiffs' customer service department discovered that Plaintiffs did not operate any restaurants in the Brandon area, the customer service department referred the matter to Plaintiffs' corporate headquarters. Plaintiffs investigated further and discovered the existence of both the Brandon Defendants and the Plant City Defendant. Plaintiffs subsequently communicated directly to both the Brandon Defendants and the Plant City Defendant via mail on three separate occasions requiring that each cease and desist their infringement of Buffets' Registered Marks. *See* doc. 1, Ex. Q, R, S. Neither the Brandon Defendant nor the Plant City Defendant responded to or complied with Plaintiffs' demands.

16. Plaintiffs became aware of the Orlando Hometown Buffet when an employee noticed a billboard announcing "Coming Soon Orlando Hometown Buffet." Plaintiffs communicated directly with the Orlando Hometown Buffet via mail requiring that it cease and desist its infringement of Buffets' Registered Marks. *See* doc. 1, Ex. U. The Orlando Hometown Buffet failed to respond to or comply with Plaintiffs' demand. According to its Internet presence on a restaurant review website, the Orlando Hometown Buffet continues to erode Plaintiffs' valuable goodwill and the value of Buffets' Registered Marks. *See* doc. 2, Ex. 9.

17. In December, 2010, Plaintiffs became aware of the St. Pete-Bay Pines Defendants. The St. Pete-Bay Pines Defendants opened their location on or about October 17, 2010. According to the records of the Florida Department of State, the registered agent for St. Pete-Bay Pines Defendant #1 is Defendant Patel, who is also the registered agent for the Plant City Defendant and who receives mail at the same address as the Brandon Defendant. Therefore, based on the receipt

by the St. Pete-Bay Pines Defendant #1's registered agent of multiple letters concerning infringement on Buffets' Registered Marks by both the Brandon Defendant and the Plant City Defendant, the registered agent for St. Pete-Bay Pines Defendant #1 has notice of infringement of Buffets' Registered Marks. According to its Internet presence on restaurant review websites, the St. Pete-34th Street Defendant continues to erode Plaintiffs' valuable goodwill and the value of Buffets' Registered Marks. *See* doc. 2, Composite Exhibit 10.

18. Plaintiffs also became aware of the St. Pete-34th Street Defendant in December 2010. The St. Pete-34th Street Defendant opened its location on or about November 2, 2010. *See* doc. 2, Ex. 8. According to the records of the Florida Department of State, the registered agent for the St. Pete-34th Street Defendant is Defendant Patel, who is also the registered agent for the Plant City Defendant and who receives mail at the same address as the Brandon Defendant. Therefore, based on the receipt by the St. Pete-34th Street Defendant's registered agent of multiple letters concerning infringement on Buffets' Registered Marks by both the Brandon Defendant and the Plant City Defendant, the St. Pete-34th Street Defendant has notice of its infringement of Buffets' Registered Marks. According to its Internet presence on restaurant review websites, the St. Pete-Bay Pines Defendant continues to erode Plaintiffs' valuable goodwill and the value of Buffets' Registered Marks. *See* doc. 2, Ex. 11.

19. On January 6, 2011, Plaintiffs filed a Verified Complaint with this Court against Defendants, alleging six claims: (1) trademark infringement; 15 U.S.C. § 1051, *et seq.*; (2) federal unfair competition; 15 U.S.C. § 1125(a); (3) false designation of origin under the Lanham Act; (4) misappropriation of goodwill; (5) false, misleading, deceptive, and unfair business practices in violation of Section 501.201, *et seq.*, Florida Statutes; and (6) conversion. Plaintiffs attached twenty-

three exhibits, labeled A through W in support of their Verified Complaint. Plaintiffs also sought a temporary restraining order on an emergency, *ex parte*, basis. Plaintiffs attached eleven exhibits in support of their motion for a temporary restraining order.

20. On January 19, 2011, Plaintiffs filed their Notice of Compliance with this Court's Order requiring that each Defendant be served with this Court's Order as well as the complaint (doc. 1), the motion (doc. 2), and the Court's Order denying a temporary restraining order (doc. 4). *See* docs. 9-15, 21-25.

21. On February 1, 2011, Defendants Brandon Seafood & Steak Buffet, Inc., St. Pete Seafood & Steak Buffet, Inc., and Oscar Astello filed their Response With Respect to Entry of the Proposed Final Injunction (doc. 26). In their response and at the hearing on this matter, Defendants Brandon Seafood & Steak Buffet, Inc., St. Pete Seafood & Steak Buffet, Inc., and Oscar Astello represented the following:

    a. On or about January 25, 2011, in response to Plaintiff's Complaint the St. Pete-Bay Pines location's name changed to "St. Pete Seafood & Steak Buffet," a name which is not confusingly similar to Buffets Registered Marks.

    b. On or about January 25, 2011, the location known as "Brandon Hometown Buffet" was closed.

    c. Defendants Brandon Seafood & Steak Buffet, Inc., St. Petersburg Seafood & Steak Buffet, Inc., and Oscar Astello have stipulated to entry of an injunction against them.

22. Service has not been effected on Defendant Wang Dai, Inc. The business address is closed with no forwarding address. Plaintiffs have been unable to locate this Defendant. On February 8, 2011, Plaintiffs filed their Notice of Voluntary Dismissal as to Defendant Wang Dai, Inc.

23. Defendants LVDC II Inc.; Brandon Hometown Buffet, LLC; LVDC III LLC; TVNP, LLC; TVNP II LLC; Kimchat Patel; Thanh Hao Van Vo; and Dung Cao have failed to file a response to Plaintiffs' motion for a preliminary injunction (doc. 2) or the Court's order directing them to show cause why a preliminary injunction should not issue (doc. 6). Accordingly, the Court presumes those Defendants have no objection to the relief requested by Plaintiffs. *See* M.D. Fla. R. 3.01(b).

24. A district court may only grant a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits of the underlying claims; (2) the moving party will suffer irreparable harm unless the injunction issues; (3) the harm suffered by the moving party in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issues; and (4) if issued, the injunction would not disserve or be adverse to the public interest. *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008).

25. Based on their well-pled causes of action against Defendants, and production of evidence in support, I find that Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims; namely, they have shown that Defendants have (1) infringed on Buffets' Registered Marks; (2) engaged in federal unfair competition and false designation of origin under the Lanham Act; (3) misappropriated Plaintiffs' goodwill by infringing on Buffets' Registered Marks; (4) engaged in, and are continuing to engage in, false, misleading, and deceptive practices

toward Plaintiffs; and (5) have converted Plaintiffs' property for their own use by using Buffets' Registered Marks without permission.

26. Additionally, Plaintiffs have demonstrated they have suffered and will continue to suffer immediate and irreparable injury if a preliminary injunction does not issue based on the following:[5]

    a. The owner of a federally registered trademark or service mark enjoys the unlimited right to use the mark nationwide, and federal registration affords the registrant priority over all future users of any confusingly similar marks. *Tana v. Dantanna's*, 611 F.3d 767, 780 (11th Cir. 2010). As set forth in Plaintiff's Verified Complaint, the names that Defendants initially used for their restaurant businesses violate Plaintiffs' rights in their federally registered trademarks, including the use of "HomeTown" and "HomeTown Buffet" for restaurant services. Here, Plaintiffs have already suffered harm by Defendants' use of their registered marks. Notably, Plaintiffs have received calls concerning the poor quality of the products and services provided by the Defendant entities which the consumers have therefore associated with Plaintiffs.

---

[5] The Eleventh Circuit has generally recognized in trademark infringement cases that there is no adequate remedy at law to redress infringement and infringement, by its nature, causes irreparable harm. *See Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989); *see McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (noting the Eleventh Circuit had held that a sufficiently strong showing of likelihood of confusion caused by trademark infringement may, standing alone, constitute a showing of a substantial threat of irreparable harm). Recently, although noting established law allows for this presumption in trademark infringement cases, the Eleventh Circuit expressed hesitation as to the application of a categorical rule in light of the Supreme Court's *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S.388 (2006), decision, which called into question whether courts may presume irreparable harm merely because a plaintiff in an intellectual property case demonstrates a likelihood of success on the merits. *Axiom Worldwide, Inc.*, 522 F.3d at 1228. As Plaintiffs have suffered, and continue to suffer, actual irreparable harm due to the actions of Defendants, this Court need not address the applicability of any presumption of irreparable harm in this instance.

b.      Defendants' Infringing Names essentially adopted Buffets' Registered Marks in their entireties and merely added descriptive geographic designations. The addition of a geographically descriptive word or phrase does not avoid confusion with a senior mark. *Trump Plaza of Palm Beaches Condo. Ass'n, Inc. v. Rosenthal,* 2009 WL 1812743 * 9 n. 11 (S.D. Fla. June 24, 2009) (citing *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636 (D.C. Cir. 1982) (where registrant owns exclusive rights to mark, second comer cannot gain rights in substantially same mark by merely adding geographic identifier)).

c.      Individual Defendants Patel, Vo, and Cao, continue to form business entities, seek permanent food service licenses, and open and operate additional restaurants using names that infringe upon Buffets' Registered Marks and which interfere with Plaintiffs' goodwill associated with their registered marks. Specifically, the principals of the St. Pete-34th Street location have represented that they intend to open two additional HomeTown Buffet locations in the St. Petersburg area.

d.      Due to Plaintiffs' efforts, the names HomeTown and HomeTown Buffet have become well-known throughout the country as brand names that stand for quality, convenience and cleanliness in connection with restaurant services. The areas of Pinellas County, Hillsborough County and the I-4 corridor are populated, especially in the winter, with part-time residents, retirees, and vacationing visitors who are familiar with the HomeTown Buffet restaurants in southeast Florida other parts of the country, and the existence of Defendants' restaurants further damages Plaintiffs' brand as a result of the transient and/or temporary resident population that Defendants' restaurants serve.

  e.  Defendants have eroded Plaintiffs' hard-earned reputation through their continued infringement of Buffets' Registered Marks in the I-4 corridor, operation of the Plant City and St. Pete-34th Street restaurants using the name HomeTown Buffet, continued advertising using the name HomeTown Buffet, and continued interference with and erosion of the goodwill associated with Buffets' Registered Marks.

  f.  Plaintiffs will continue to suffer irreparable harm through disruption of their business operations, damage to their goodwill, and/or saturation of the I-4 corridor market with advertising featuring the Infringing Names. Defendants' poor reputation and negative reviews will negatively affect Plaintiffs' ability to pursue business opportunities in this market area. These harms will be severe and irreparable. *See Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir.1991) (stating the loss of customers and goodwill is an irreparable injury).

  g.  Plaintiffs have well-founded fears that Individual Defendants Vo, Patel, and Cao will continue to continue to form business entities, seek permanent food service licenses, and open and operate additional restaurants using names that infringe upon Buffets' Registered Marks and which interfere with Plaintiffs' goodwill associated with their registered marks. The harm likely to be suffered by Plaintiffs in the future as a result of continued misconduct is not readily calculable in terms of concrete damages. *See Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) ("An injury is irreparable if it cannot be undone through monetary remedies. Even when a later money judgment might undo an alleged injury, the alleged injury is irreparable if damages would be difficult or impossible to calculate." (internal quotations, internal citations and citations omitted)). Plaintiffs thus

have no adequate legal remedy for the infringement on Plaintiffs' Registered Marks. *See Gen. Motors Corp. v. Phat Cat Carts, Inc.*, 504 F. Supp. 2d 1278, 1287 (M.D. Fla. 2006) (noting "[i]t is usually recognized in trademark infringement cases that there is not an adequate remedy at law to redress infringement and infringement by its nature causes irreparable harm."). As evidenced by Defendants continued opening and operation of entities with infringing names subsequent to Plaintiffs sending cease and desist letters to Defendants, further harm to Plaintiffs is actual and imminent rather than remote or speculative. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (finding, in the context of a preliminary injunction, the asserted irreparable harm must be actual and imminent rather than remote or speculative). If an injunction does not issue, Defendants will continue to form business entities, seek permanent food licenses, and open and operate additional restaurants, which provide poor quality products and services, using names infringing upon Plaintiffs' marks.

27. The balance of potential harm to Defendants if a preliminary injunction issues is far outweighed by the harm to Plaintiffs if an injunction does not issue. Issuance of a preliminary injunction will impose on Defendants no greater obligation than what is required of them by law. Defendants may still open and operate buffet-style restaurants in any geographic region they desire but may not use the terms "Hometown" or "Hometown Buffet" in relation to their businesses. Defendants will simply be prevented from violating Plaintiffs' trademark rights and engaging in unfair business practices designed to confuse consumers regarding the origin and quality of their products and services. In contrast, absent a preliminary injunction, the harm to Plaintiffs will be severe and irreparable as detailed above.

28. The public interest likewise favors issuance of the preliminary injunction. Defendants Brandon Seafood & Steak Buffet, Inc., St. Pete Seafood and Steak Buffet, Inc. and Astello have consented to the entry of an injunction against them. However, individual Defendants Patel, Vo, and Cao have engaged in, and continue to engage in, a pattern of willful infringement and deceptive advertising, in derogation of their lawful obligations after having been notified of their infringement and having been given an opportunity to cure, and in violation of public policy as set forth in Section 501, *et seq.*, Florida Statutes. In this instance, the issuance of a preliminary injunction would serve the public interest by enforcing and upholding the value of Plaintiffs' trademark rights, ensuring fair competition, and, most importantly, preventing customer confusion and deception in the marketplace. *See Davidoff & CIE, S.A. v. PLD Intern. Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) (finding entry of a preliminary injunction regarding trademark infringement served the public interest by preventing consumer confusion in the marketplace). Given the nature of the Individual Defendants Patel, Vo, and Cao's systematic plan of expansion, the facts of this case weigh strongly in favor of issuing a preliminary injunction.

29. In addition to the foregoing, Plaintiffs assert claims for which injunctive relief is expressly provided by statute:

    a. Plaintiffs alleged sufficient facts to demonstrate that Defendants infringed upon their registered marks in violation of 15 U.S.C. § 1051, *et. seq*. Specifically, Plaintiffs allege that (1) Plaintiffs hold certificates of federal registration for their Registered Marks; (2) Defendants use confusingly similar marks in commerce in connection with the sale or advertising of goods or services; (3) there is a high likelihood of consumer confusion; (4) consumers have been confused; and (5) Plaintiffs are suffering irreparable injury by

Defendants' infringement (doc. 1, ¶ 29-75). *See Axiom Worldwide, Inc.*, 522 F.3d at 1218; *see also McDonald's*, 147 F.3d at 1307. A right to injunctive relief is expressly provided by 15 U.S.C. § 1116(a).

    b.    Plaintiffs also stated both a Federal and Florida deceptive and unfair trade practices cause of action against Defendants by alleging that: (1) Defendants engaged in false, misleading, and deceptive actions in misrepresenting that their restaurants were entitled to use Buffets' Registered Marks; (2) Defendants' false, misleading, and deceptive actions violated and continue to violate 15 U.S.C. § 1125(a), Federal Unfair Competition and FDUTPA, § 501.201, *et seq.*, Fla. Stat.; and (3) as a result of such activities, Plaintiffs have suffered and continue to suffer irreparable harm (*see* doc. 1, ¶¶ 76-94 and ¶¶ 103-109). *See* Fla. Stat. § 501.211(1).

30.    Because Federal law and Florida law expressly authorize injunctive relief to enjoin (1) trademark infringement in violation of 15 U.S.C. § 1051, *et. seq.,* and (2) deceptive and unfair trade practices in violation of FDUTPA, § 501.201, *et seq.*, Fla. Stat., it is appropriate for the Court to grant injunctive relief to protect Plaintiffs from further irreparable harm based on Defendants' infringement of Buffets' Registered Marks and further engagement in deceptive and unfair trade practices.

31.    Pursuant to FED. R. CIV. P. 65(d)(1), every order granting an injunction must state the reasons why it was issued; state its terms specifically; and describe in detail the act or acts restrained or required. Here, Plaintiffs have sufficiently alleged irreparable harm, which is supported by the exhibits to their complaint and motion. Specifically, Plaintiffs have alleged that, absent a preliminary injunction, Plaintiffs' goodwill will be lost, clientele will be lost, their reputation will

falter, and they will lose business viability and expansion opportunities in the I-4 corridor. Because Plaintiffs have set out sufficient grounds to suggest that Defendants would inflict irreparable injury on Plaintiffs, a preliminary injunction should be issued.

32. Though Plaintiffs have met their burden as to the prerequisites for entry of a preliminary injunction, the Court may issue a preliminary injunction only if Plaintiffs provide security in an amount the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c). The burden of establishing a rational basis for the amount of a proposed bond rests with the party seeking security. *Contintental Group, Inc. v. KW Prop. Mgmt., LLC*, 2009 WL 3644475 *6 (S.D. Fla. Oct. 30, 2009) ("The burden is on the party seeking security to establish a rational basis for the amount of a proposed bond." (internal quotation and citation omitted)). The determination of the amount of the injunction bond, however, lies within the sound discretion of the Court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997) ("The amount of an injunction bond is within the sound discretion of the district court.") (citation omitted). Here, a bond in the amount of $25,000 would provide adequate security to compensate Defendants for any costs and damages sustained by them if wrongly enjoined or restrained.

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiffs' Motion for Preliminary Injunction (doc. 2) be GRANTED. Plaintiffs shall serve a copy of this Report and Recommendation on all unrepresented Defendants in this action. The terms of a preliminary injunction should be as follows:

**Preliminary Injunction**

Corporate Defendants LVDC II INC.; BRANDON HOMETOWN BUFFET, LLC; BRANDON SEAFOOD & STEAK BUFFET, INC; LVDC III LLC; TVNP, LLC; ST. PETERSBURG SEAFOOD & STEAK BUFFET, INC; and TVNP II LLC, their officers, directors, employees, representatives, agents, subsidiaries, and all persons (including corporations, entities, and/or trusts) in active concert or participation with any of them; and individual Defendants KINCHAT PATEL, THANH HAO VAN VO, DUNG CAO, and OSCAR ASTELLO, their employees, representatives, agents, servants, attorneys, and all persons who act in privity or participation with any of them be ENJOINED FROM:

    a.    Advertising or operating any restaurant or other business under the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

    b.    Using signage depicting the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

    c.    Opening additional restaurant locations using the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

    d.    Infringing Buffets' Registered Marks;

    e.    Using Buffets' Registered Marks, or any mark phonetically or otherwise substantially or confusingly similar to Buffets' Registered Marks, in connection with the offer and sale of restaurant services or related products and services; and

  f.  Engaging in further false, misleading, or deceptive practices, including misrepresentations, pursuant to Section 501.201, *et seq.*, Florida Statutes; and

in addition, Corporate Defendants LVDC II INC.; BRANDON HOMETOWN BUFFET, LLC; BRANDON SEAFOOD & STEAK BUFFET, INC; LVDC III LLC; TVNP, LLC; ST. PETERSBURG SEAFOOD & STEAK BUFFET, INC; and TVNP II LLC, their officers, directors, employees, representatives, agents, subsidiaries, and all persons (including corporations, entities, and/or trusts) in active concert or participation with any of them; and individual Defendants KINCHAT PATEL, THANH HAO VAN VO, DUNG CAO, and OSCAR ASTELLO, their employees, representatives, agents, servants, attorneys, and all persons who act in privity or participation with any of them be ORDERED TO:

  a.  Destroy Defendants' counterfeit or infringing products bearing the Plaintiffs' marks.

Plaintiffs be required to post bond in the amount of $25,000 within 14 days of entry of a preliminary injunction.

IT IS SO REPORTED in Tampa, Florida, this 15th day of February, 2011.

               *Mark A. Pizzo*
               MARK A. PIZZO
               UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James S. Moody, Jr.
    Counsel of Record
    Defendants, *Pro Se*