UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:11-cv-00035-T-30MAP

BUFFETS, INC., a Minnesota corporation,
and HOMETOWN BUFFET, INC.,
a Minnesota corporation,

    Plaintiffs,
v.

LVDC II INC., a Florida corporation d/b/a
BRANDON HOMETOWN BUFFET; et. al;

    Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

THIS CAUSE is before the Court on Plaintiffs' Motion for Default Judgment (the "Motion") [DE 54] against Defendants LVDC II INC.; BRANDON HOMETOWN BUFFET, LLC; LVDC III LLC; TVNP, LLC; TVNP II LLC ((hereinafter "Corporate Defendants"); KINCHAT PATEL, THANH HAO VAN VO, and DUNG CAO (hereinafter "Individual Defendants"). Upon review of Plaintiffs' Motion, together with the Memorandum of Law in support thereof, and the other supporting materials submitted with the Motion or previously filed with the Court and upon the proceedings previously had in this case, Plaintiffs' Motion is hereby GRANTED, and, in support of the default judgment, permanent injunction, and request for attorneys fees, by default entered herein, the Court makes the following findings of fact and conclusions of law:

    1.    Plaintiffs are corporations organized and existing under the laws of the State of Minnesota having their principal places of business at 405 Lancaster Avenue, Greer, South

Carolina 29650. Plaintiffs own and operate 137 HomeTown® Buffet restaurants in 16 states, including two HomeTown® Buffet restaurant locations in the state of Florida. Plaintiffs' restaurants offer buffet-style dining at reasonable prices in a clean and pleasant atmosphere. Plaintiffs have an interest in protecting their rights in their federally registered trademarks, including "HomeTown®" and "HomeTown Buffet®" for restaurant services ("Buffets' Registered Marks"). (See DE 1 at ¶¶ 4 and 30 – 34)

2. Plaintiffs have continuously used Buffets' Registered Marks for restaurant services in commerce since at least as early as January 1, 1991. Plaintiffs have obtained four separate federal registrations for these marks: Reg. No. 2,617,451 for the mark HOMETOWN BUFFET, Reg. No. 3,343,752 for the mark HomeTown Buffet and design, Reg. No. 3,311,656 for the mark HomeTown Buffet and design, and Reg. No. 3,339,237 for the mark HomeTown. (*See* DE 1 at ¶¶35-40, and Compl. Ex. A, B, C, D).

3. Registration No. 2,617,451 for the mark HOMETOWN BUFFET is more than six years old and has been declared "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Certificates of registration issued for Buffets' Registered Marks constitute conclusive evidence of (i) the registration of the marks; (ii) the validity of the registered marks; (iii) Plaintiffs' ownership of the marks; and (iv) Plaintiffs' exclusive right to use the marks in commerce in connection with the identified goods and services, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). (See DE 1 at ¶ 36)

4. The names that Defendants have used for their advertising and operations of their area restaurant business are "Brandon Hometown Buffet," "Plant City Hometown Buffet," and "St. Pete Hometown Buffet," (the "Infringing Names").

5. <u>LVDC II INC. and BRANDON HOMETOWN BUFFET, LLC (collectively referred to as "Brandon Defendants")</u> - Defendant LVDC II Inc. ("Brandon Defendant #1") is a dissolved Florida corporation with its principal place of business listed at 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511. Defendant BRANDON HOMETOWN BUFFET, LLC ("Brandon Defendant #2"), is a Florida limited liability company with its principal place of business listed as 825 Brandon Boulevard, Brandon, Hillsborough County, Florida 33511. (*See* DE 1 at ¶¶ 5, 6 and at Compl. Ex. E, F). Brandon Defendant #1 registered a fictitious name and possesses a permanent food service license to operate a business under the name "Brandon Hometown Buffet." (*See* DE 2 at Verified Motion Ex. 2, 3; Affidavit of John M. Hemenway) Brandon Defendants have operated a restaurant under the name "Brandon Hometown Buffet" (*See* DE 1 at ¶¶ 8, 41, 42 and at Compl. Ex O; Affidavit of Robert W. Bivins). The words "Hometown Buffet" in the restaurant name used by the Brandon Defendants are confusingly similar to Buffets' Registered Marks.

6. <u>Defendant LVDC III LLC</u> - Defendant LVDC III LLC (the "Plant City Defendant") is a Florida limited liability company having its principal place of business at 1914 James Redman Parkway, Plant City, Hillsborough County, Florida. (*See* DE 1 at ¶ 9 and at Compl. Ex. H). The Plant City Defendant possesses a permanent food service license to operate a restaurant business under the name "Plant City Hometown Buffet" at that same location (*See* DE 2 at Verified Motion Ex. 4; Affidavit of John M. Hemenway). The Plant City Defendant has operated a restaurant under the name "Plant City Hometown Buffet" (*See* DE 1 at ¶ 9 and 43 and at Compl. Ex P; Affidavit of Robert W. Bivins). The words

"Hometown Buffet" in the restaurant name used by the Plant City Defendant are confusingly similar to Buffets' Registered Marks.

      7.    <u>Defendant TVNP, LLC</u> - Defendant TVNP, LLC (the "St. Pete-Bay Pines Defendant #1") is a Florida limited liability company with its principal place of business listed as 8305 Bay Pines Boulevard, St. Petersburg, Pinellas County, Florida 33709. (*See* DE 1 at ¶13 and Comp. Ex. J). St. Pete-Bay Pines Defendant #1 has applied for a permanent food service license to operate a restaurant business under the name "St. Pete Hometown Buffet" at that same location (*See* DE 2 at Verified Motion Ex. 7; Affidavit of John M. Hemenway). St. Pete-Bay Pines Defendant #1 has operated a restaurant under the name "St. Pete Hometown Buffet" (*See* DE 1 at ¶ 15 and 48 and at Compl. Ex V; Affidavit of John M. Hemenway). The words "Hometown Buffet" in the restaurant name used by the St. Pete-Bay Pines Defendant #1 are confusingly similar to Buffets' Registered Marks.

      8.    <u>Defendant TVNP II LLC</u> - Defendant TVNP II LLC (the "St. Pete-34th Street Defendant") is a Florida limited liability company with its principal place of business at 3800 34th Street South, St. Petersburg, Pinellas County, Florida 33711. The St. Pete-34th Street Defendant operates a restaurant business under the name "St. Pete Hometown Buffet" at that same location (See DE 1 at ¶¶16, 17, 49 and at Compl. Ex L, W; Affidavit of John M. Hemenway). The "St. Pete Hometown Buffet," located at the same address as the St. Pete-34th Street Defendant has registered for business tax purposes with the City of St. Petersburg as a new business of as November 2, 2010 (*See* DE 2 at Verified Motion Ex. 8; Affidavit of John M. Hemenway). The words "Hometown Buffet" in the restaurant name used by the St. Pete-34th Street Defendant are confusingly similar to Buffets' Registered Marks.

9. Defendant KINCHAT PATEL - Defendant Kinchat Patel ("Defendant Patel"), who is also known as Nick Patel, is a resident of the State of Florida. Defendant Patel holds various offices with the Corporate Defendants, including Registered Agent for the Plant City Defendant, Registered Agent for St. Pete-Bay Pines Defendant#1, Vice President of the St. Pete-34th Street Defendant, and Registered Agent of the St. Pete-34th Street Defendant. (*See* DE 1 at ¶18, 19, 54 and Compl. Ex. H, J, L.)

10. Defendant THANH HAO VAN VO - Defendant Thanh Hao Van Vo ("Defendant Vo"), who is also known as Howie Vo, is a resident of the State of Florida. Defendant Vo holds various offices with the various corporate defendants, including Registered Agent for Brandon Defendant #2, President of the St. Pete-34th Street Defendant (*See* DE 1 at ¶¶ 20, 21, 54 and at Compl. Ex. F, L).

11. Defendant DUNG CAO - Defendant Dung Cao ("Defendant Cao"), is a resident of the State of Florida. Defendant Cao holds various offices with the Corporate Defendants, including President of Brandon Defendant #1, and Manager of the Plant City Defendant (*See* DE 1 at ¶¶ 23, 24, 25 and Compl. Ex. E, H.)

12. Defendant Patel and Defendant Vo are the owners and operators of the "Brandon Hometown Buffet," "Plant City Hometown Buffet," and the two "St. Pete Hometown Buffet" restaurants. (DE 1 at ¶54 and Compl. Ex. N; Affidavit of John M. Hemenway.) In addition, Defendant Cao is the operator of the Plant City Hometown Buffet (DE 1 at ¶24).

13. The Corporate Defendants and Individual Defendants are all residents of Florida or legal entities organized under the laws of the state of Florida, and all Corporate

Defendants and Individual Defendants are residents of and conduct business operations in the state of Florida. Accordingly, this Court accordingly has personal jurisdiction over Corporate Defendants and Individual Defendants.

14. In August 2010, Plaintiffs became aware of the infringing location "Brandon Hometown Buffet" when Plaintiffs' customer service department received a complaint concerning the quality of the restaurant operated by the Brandon Defendants. When Plaintiffs' customer service department discovered that Plaintiffs did not operate any restaurants in the Brandon area, the customer service department referred the matter to Plaintiffs' corporate headquarters. Plaintiffs investigated further and discovered the existence of both the Brandon Defendants, the Plant City Defendant, as well as the Individual Defendants. Plaintiffs subsequently communicated directly to both the Brandon Defendants the Plant City Defendant via mail, with multiple letters addressed to the Brandon Defendants, the Plant City Defendants and to the attention of the Individual Defendants requiring that each cease and desist their infringement of Buffets' Registered Marks. Neither the Brandon Defendant nor the Plant City Defendant, nor any of the Individual Defendants, responded to or complied with Plaintiffs' demands. (*See* DE 1 at ¶¶ 41-44, 50-51 at Compl. Ex. Q, R, S; Affidavit of Scott E. Irwin)

15. In December, 2010, Plaintiffs became aware of the St. Pete-Bay Pines Defendants, operated by Individual Defendants Patel and Vo. The St. Pete-Bay Pines Defendants opened their location on or about October 17, 2010. The Individual Defendants Patel and Vo were aware, by virtue of their operation of the Brandon location and the Plant City location, had notice concerning the infringement of Buffets' Registered Marks.

According to its Internet presence on restaurant review websites, the St. Pete-Bay Pines Defendant erodes Plaintiffs' valuable goodwill and the value of Buffets' Registered Marks. (*See* DE 1 at ¶¶ 48, 50, 51, 53-57; and Affidavit of Scott E. Irwin)

16. Plaintiffs also became aware of the St. Pete-34th Street Defendant in December 2010. The St. Pete-34th Street Defendant opened its location on or about November 2, 2010. The Individual Defendants Patel and Vo were aware, of by virtue of their operation of the Brandon location and the Plant City location, and had notice concerning the infringement of Buffets' Registered Marks. According to its Internet presence on restaurant review websites, the St. Pete-34th Street Defendant continues to erode Plaintiffs' valuable goodwill and the value of Buffets' Registered Marks. (*See* DE 1 at ¶¶ 49-51, 53-57; and Affidavit of Scott E. Irwin)

17. Individual Defendants Patel, Vo, and Cao, continued to form business entities, seek permanent food service licenses, and open and operate additional restaurants using names that infringe upon Buffets' Registered Marks and which interfere with Plaintiffs' goodwill associated with their registered marks. Specifically, the principals of the St. Pete-34th Street location have represented that they intend to open two additional HomeTown Buffet locations in the St. Petersburg area. (*See* DE 1 at ¶¶ 53-57 and at Compl. Ex. N; Affidavit of John M. Hemenway)

18. In February 2011, prior to the hearing on Plaintiffs' motion for permanent injunction, Defendant Cao contacted Plaintiffs' counsel by telephone stating the restaurant name for the Plant City location would be changed. Defendant Cao did not participate in the hearing and a Clerk's Default was entered on March 1, 2011. After entry of the Default,

7

Defendant Cao again telephoned Plaintiffs' counsel to state the restaurant name for the Plant City location had been changed. (*See* Affidavit of Kelly D. Haywood)

19.   In March 2011, following entry of the Clerk's default, Defendant Vo contacted Plaintiffs' counsel via mail claiming that restaurant names would be changed. No listing of the name change was noted in the correspondence. (*See* Affidavit of Kelly D. Haywood)

20.   Due to Plaintiffs' efforts, the names HomeTown® and HomeTown Buffet® have become well-known throughout the country as brand names that stand for quality, convenience, and cleanliness in connection with restaurant services. The areas of Pinellas County, Hillsborough County and the I-4 corridor are populated, especially in the winter, with part-time residents, retirees, and vacationing visitors who are familiar with the HomeTown Buffet restaurants in southeast Florida and other parts of the country, and the existence of Defendants' restaurants damages Plaintiffs' brand as a result of the transient and/or temporary resident population that Defendants' restaurants serve.

21.   Defendants have eroded Plaintiffs' hard-earned reputation and goodwill through their infringement of Buffets' Registered Marks in the I-4 corridor. Defendants operation of locations using Infringing Names, and advertising using the Hometown Buffet name, interfere with and erode the goodwill associated with Buffets' Registered Marks (See DE 1 at ¶¶ 60-73.)

22.   On January 6, 2011, Plaintiffs filed a Verified Complaint with this Court against Defendants, alleging six claims: (1) trademark infringement; 15 U.S.C. § 1051, *et seq.*; (2) federal unfair competition; 15 U.S.C. § 1125(a); (3) false designation of origin under

the Lanham Act; (4) misappropriation of goodwill; (5) false, misleading, deceptive, and unfair business practices in violation of Section 501.201, *et seq.*, Florida Statutes; and (6) conversion. Plaintiffs attached twenty-three exhibits, labeled A through W in support of their Verified Complaint. Plaintiffs also sought a temporary restraining order on an emergency, *ex parte*, basis. Plaintiffs attached eleven exhibits in support of the Motion for Temporary Restraining Order ("Motion for TRO").

23. On January 19, 2011, Plaintiffs filed their Notice of Compliance with this Court's Order [DE 7], requiring that all defendants be served with this Court's Order as well as the Verified Complaint (DE 1), the Motion for TRO (DE 2), and the Court's Order denying a temporary restraining order (DE 4). A hearing on the Motion for TRO, now converted to Motion for Preliminary Injunction, was held on February 8, 2011.

24. Corporate Defendants and Individual Defendants were served in the Verified Complaint and Motion for TRO and executed Returns of Service were filed with the Court [DE 10, 11, 13, 14, 15, 21, 23, 24].

25. On March 1, 2011, the Clerk of the Court entered a Default against Corporate Defendants and Individual Defendants [DE 40, 41, 42, 43, 44, 45, 46, 47], who are eight of the remaining eleven defendants.

26. On March 7, 2011, after issuing a Report and Recommendation [DE 31], this Court entered an Order, including Corporate Defendants and Individual Defendants, that preliminarily enjoined infringement on Plaintiffs' Registered Marks [DE 48]. Plaintiffs duly paid the cash bond as required by the Court's Order [DE 49].

9

27. This Court finds that Plaintiffs own the superior rights in the Buffets' Registered Marks, and the unauthorized use of Buffets' Registered Marks by the Corporate and Individual Defendants cause customer confusion as to the source, origin, or affiliation of services provided by the Corporate Defendants and Individual Defendants.

28. Plaintiffs' have established a prima facie case against the Corporate Defendants and Individual Defendants of infringement of Buffets' Registered Marks, in violation of 15 U.S.C. § 1051, *et. seq.* Specifically, (1) Plaintiffs hold certificates of federal registration for their Registered Marks; (2) Defendants use confusingly similar marks; (3) there is a high likelihood of consumer confusion; (4) consumers have been confused; (4) Plaintiffs are suffering irreparable injury by Defendants' infringement. A right to injunctive relief is expressly provided by 15 U.S.C. § 1116(a). *See Dunkin' Donuts Franchised Rests., LLC v. D & D Donuts, Inc.*, 566 F.Supp. 2d, 1350, 1360 (M.D. Fla. 2008) (citing *Dieter v. B & H Indus. of Southwest Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989)).

29. Plaintiffs have also established a prima facie case of false designation of origin under the Lanham Act, 15 U.S.C. §1125(a) and that Corporate Defendants and Individual Defendants have engaged in federal unfair competition. Lanham Act § 43(a) covers traditional cases of infringement in interstate commerce of trademarks, service marks, trade dress, and trade names as well as other forms of false advertising and deceptive conduct. The right to injunctive relief provided in 15 U.S.C. § 1116(a) applies to § 43(a) claims as well as claims of infringement of registered marks. *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994) (citing *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985)).

30. Plaintiffs have also established a pima facie case of both a Federal and Florida deceptive and unfair trade practices cause of action against Corporate Defendants and Individual Defendants because: (1) Defendants engaged in false, misleading, and deceptive actions in misrepresenting that their restaurants were entitled to use Buffets' Registered Marks; (2) Defendants' false, misleading, and deceptive actions violated and continue to violate 15 U.S.C. § 1125(a), Federal Unfair Competition and FDUTPA, § 501.201, *et seq.*, Fla. Stat.; and (4) as a result of such activities, Plaintiffs have suffered and continue to suffer irreparable harm.

31. In defaulting, the Corporate Defendants and the Individual Defendants admit the Plaintiffs' well-pleaded allegation of fact. *Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F.Supp. 2d 1213, 1217 (S.D. Fla. 2004); *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987). The undisputed facts establish the counts set forth in Plaintiffs' Verified Complaint.

32. The Lanham Act authorizes injunctive relief to protect against infringement, dilution and misuse of Buffets' Registered Marks. Under the statute, if Plaintiffs succeed on the merits of their claims and if the equities favor injunctive relief, then Plaintiffs are entitled to a permanent injunction. *See* 15 U.S.C. § 1116(a); *See PetMed Express, Inc.,* 336 F.Supp. 2d at 1223. The Lanham Act permits issuance of injunctive relief to prevent future harm. Proof of future harm is not required where defendants have infringed on a registered mark. *See Polo Fashions, Inc. v. Dick Bruhn, Inc.,* 793 F.2d 1132, 1135-36 (9th Cir. 1986); *Vuitton Et Fils, S.A. v. Crown Handbags,* 492 F. Supp. 1071, 1077 (S.D.N.Y. 1979) ("mere possibility of infringement is sufficient to warrant a permanent injunction"), *aff'd,* 622 F.2d 577 (2d Cir. 1980). Plaintiffs are entitled to a permanent injunction based on the following:

      a.      As set forth in Plaintiff's Verified Complaint, the names that Defendants initially used for their restaurant businesses violate Plaintiffs' rights in their federally registered trademarks, including "HomeTown®" and "HomeTown Buffet®" for restaurant services. "In trademark infringement actions, injunctive relief is appropriate because it is generally recognized that 1) there is not an adequate remedy at law to redress infringement and (2) infringement by its nature causes irreparable harm." *Tally-Ho, Inc. v. Coast Community College. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989). The owner of a federally registered service mark enjoys the unlimited right to use the mark nationwide, and federal registration affords the registrant priority over all future users of confusingly similar marks. *Tana v. Dantanna's*, 611 F.3d 767 (11th Cir. 2010).

      b.      Defendants' Infringing Names essentially adopted Buffets' Registered Marks in their entireties and merely added descriptive geographic designations. The addition of a geographically descriptive word or phrase does not avoid confusion with a senior mark. *Trump Plaza of Palm Beaches Condominium Ass'n, Inc. v. Rosenthal*, 2009 WL 1812743, (S.D. Fla. 2009) (citing *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F.2d 636 (D.C. Cir. 1982) (where registrant owns exclusive rights to mark, second comer cannot gain rights in substantially same mark by merely adding geographic identifier)).

      c.      Corporate Defendants and Individual Defendants deliberately and willfully used the Infringing Marks for selling goods and services substantially similar to Plaintiffs' goods and services in order to trade upon the reputation and

goodwill Plaintiffs have established in their Registered Marks.  Further, Corporate Defendants and Individual Defendants continued to use Infringing Marks even after receiving Plaintiffs' written demands.

   d.  Plaintiffs suffer irreparable harm through disruption of their business operations, damage to their goodwill, and/or saturation of the I-4 corridor market with advertising featuring the Infringing Names.  Defendants' poor reputation and negative reviews will negatively affect Plaintiffs' ability to pursue business opportunities in this market area.  These harms will be severe and irreparable.  *See Southeastern Mechanical Services, Inc. v. Brody*, No. 8:08-CV-1151-T-30EAJ, 2008 WL 4613046 at *15 (M.D. Fla. Oct. 15, 2008) ("The loss of customers and goodwill is an irreparable injury and is difficult to measure."); *see also, e.g., American Television and Communications Corp. v. Floken, Ltd.,* 629 F. Supp. 1462, 1472 (11th Cir. 1986) (holding that injury to commercial reputation and interference with business can constitute irreparable injury).

   e.  Plaintiffs have well-founded fears that Individual Defendants Vo, Patel, and Cao will continue to form business entities, seek permanent food service licenses, and open and operate additional restaurants using names that infringe upon Buffets' Registered Marks and which interfere with Plaintiffs' goodwill associated with their registered marks.  The harm likely to be suffered by Plaintiffs as a result of continued misconduct is not readily calculable in terms of concrete damages.  Without injunctive relief, Plaintiffs have no adequate legal remedy for the infringement on Plaintiffs' Registered Marks.  *See Westin v. McDaniel*, 760 F. Supp.

1563, 1569 (11th Cir. 1991). The Individual Defendants are personally liable for Lanham Act violations because they actively and knowingly cause the infringement. *See Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991); *Rolex Watch U.S.A., Inc. v. Bonney*, 546 F.Supp. 2d 1304, 1306 (M.D. Fla. 2008).

  f. Even if one or more of the Corporate Defendants or Individual Defendants have indicated a willingness to change the name of a restaurant, any change would have occurred not after Plaintiffs' repeated written notifications of use of Infringing Names, but only after Plaintiffs filed the instant suit. As the Corporate Defendants and Individual Defendants have not participated in the case, Plaintiffs cannot be assured that infringement on Buffets' Registered Marks will not occur in the future.

  g. Corporate Defendants and Individual Defendants, as subsequent users of a mark, have a duty to adopt a mark that does not infringe existing marks such as Buffets' Registered Marks. *Advantus Capital Mgmt. v. Aetna, Inc.*, 2006 U.S. Dist. LEXIS 77448, 81 U.S.P.Q.2d (BNA) 1743 (D. Minn. 2006) ("One entering a field already occupied by another has a duty to select a trademark that will avoid confusion."). The permanent injunction will thus impose on Defendants no greater obligation than what is required of them by law.

  h. Especially because of the nature of the Individual Defendants Patel, Vo, and Cao's systematic plan of expansion, the facts of this case weigh strongly in favor of issuing injunctive relief. Eleventh Circuit case law recognizes that the public

interest relevant to the issuance of an injunction in trademark cases is the public's interest in avoiding unnecessary confusion. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200 (11th Cir. 2008), *citing Davidoff & CIE, S.A. v. PLD Intern. Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) ("[T]he public interest is served by preventing consumer confusion in the marketplace."); *SEC v. Asset Recovery & Mgmt. Trust, S.A.*, 340 F. Supp. 2d 1305, 1311 (M.D. Ala. 2004) ("It is in the public interest to protect against fraud and to make victims of fraud whole, while preventing wrongdoers from benefiting from their deceit").

33. Because Federal law and Florida law expressly authorizes injunctive relief to enjoin (1) trademark infringement in violation of 15 U.S.C. § 1051, *et. seq.,* (2) federal unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a), and (3) deceptive and unfair trade practices in violation of both 15 U.S.C. § 1125(a), Federal Unfair Competition and FDUTPA, § 501.201, *et seq.*, Fla. Stat., it is appropriate for the Court to grant permanent injunctive relief.

34. Plaintiffs' also seek an award of attorneys fees. Pursuant to 15 U.S.C. § 1117(a), Defendants intentional infringement on Buffets' Registered Marks entitles Plaintiffs' to recover reasonable attorneys fees and costs. The Lanham Act at § 1117(a) provides for the award of attorneys fees and costs in exceptional cases for violations of (1) section 1051, et. seq., trademark infringement, (2) section 1125(a), false designation of origin; and (3) section 1125(a) federal unfair competition. The Eleventh Circuit has described exceptional cases and those cases where defendants have engaged in malicious,

fraudulent, deliberate, or willful conduct. *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994).

35. In this case, the Corporate Defendants and Individual Defendants willful, deliberate and knowing use of the Infringing Marks entitle Plaintiffs to an award of attorneys fees. By default, the Corporate Defendants and Individual Defendants admitted Plaintiffs' well-pled allegations, including Plaintiffs' allegations that each deliberately and willfully used the Infringing Marks for selling goods and services substantially similar to Plaintiffs' goods and services in order to trade upon the reputation and goodwill Plaintiffs have established in their Registered Marks (*See* DE 1 at ¶ 84).

36. Further, the Corporate Defendants and Individual Defendants continued to use Infringing Marks even after receiving Plaintiffs' written demands that the infringing behavior cease, acknowledged that continued use in their advertising via an interview to the local press, and opened additional locations using Infringing Names after having received Plaintiffs' written demands (*See* DE 1 at ¶¶ 53, 54). In addition, the Corporate Defendants and Individual Defendants failed to respond to Plaintiffs' Verified Complaint and a clerk's default was entered against each. *See PetMed Express, Inc. v. Medpets.com, Inc.,* 336 F.Supp. 2d 1213, 1217 (S.D. Fla. 2004) (holding that conduct was willful because defendant (1) intended to confuse the public through the use of confusingly similar mark, (2) continued to use the mark even after notification of infringement on a registered mark, and (3) default created an inference of willfulness)

37. The facts alleged by Plaintiffs demonstrate intentional conduct and bad faith supporting the default judgment requested herein on Plaintiffs' Lanham Act claims. The

granting of a default judgment in this case allows Plaintiffs the right under the Lanham Act to recover their attorneys fees on all claims advanced in the Verified Complaint, which all involve a common set of facts and which are premised on related legal theories.

Accordingly, IT IS HEREBY:

ORDERED AND ADJUDGED that Plaintiffs' Motion for Default Judgment is GRANTED and that a Permanent Injunction is Ordered, and that Plaintiffs' are entitled to an award of attorneys fees, as follows:

### 1. **Permanent Injunction**

Corporate Defendants LVDC II INC.; BRANDON HOMETOWN BUFFET, LLC; LVDC III LLC; TVNP, LLC; and TVNP II LLC, their officers, directors, employees, representatives, agents, subsidiaries, and all persons (including corporations, entities, and/or trusts) in active concert or participation with any of them; and individual Defendants KINCHAT PATEL, THANH HAO VAN VO, and DUNG CAO, their employees, representatives, agents, servants, attorneys, and all persons who act in privity or participation with any of them are HEREBY ENJOINED FROM:

  a. Advertising or operating any restaurant or other business under the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

  b. Using signage depicting the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

    c.    Opening additional restaurant locations using the Infringing Names or any other name confusingly similar to Buffets' Registered Marks;

    d.    Directly or indirectly infringing Buffets' Registered Marks;

    e.    Directly or indirectly using Buffets' Registered Marks, or any mark phonetically or otherwise substantially or confusingly similar to Buffets' Registered Marks, in connection with the offer and sale of restaurant services or related products and services; and

    f.    Engaging in further false, misleading, or deceptive practices, including misrepresentations, pursuant to Section 501.201, *et seq.*, Florida Statutes; and

in addition, Corporate Defendants LVDC II INC.; BRANDON HOMETOWN BUFFET, LLC; LVDC III LLC; TVNP, LLC; and TVNP II LLC, their officers, directors, employees, representatives, agents, subsidiaries, and all persons (including corporations, entities, and/or trusts) in active concert or participation with any of them; and individual Defendants KINCHAT PATEL, THANH HAO VAN VO, and DUNG CAO, their employees, representatives, agents, servants, attorneys, and all persons who act in privity or participation with any of them are HEREBY ORDERED TO:

    g.    Destroy Defendants' counterfeit or infringing products bearing the Plaintiffs' marks.

## 2. Attorneys Fees

The Court retains jurisdiction over the Corporate Defendants and Individual Defendants to award attorneys fees and costs upon proper Motion pursuant to Local Rule 4.18 and Rule 54, Fed.R.Civ.P.

DONE and ORDERED in Tampa, Florida on August 16, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

S:\Odd\2011\11-cv-35 motion 54.doc